## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES FAY, Individually and on Behalf of Others Similarly Situated, | Case No.: _____ |
| v. | Jury Trial Demanded |
| AETHON ENERGY OPERATING, LLC | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

### ORIGINAL COMPLAINT

#### SUMMARY

1.      Aethon Energy Operating, LLC (Aethon) does not pay its Company Men as required by the Fair Labor Standards Act (FLSA).

2.      Instead, Aethon pays its Company Men a flat daily rate for all hours worked in a workweek, including those in excess of 40 in a workweek.

3.      Aethon's day rate pay plan violates the FLSA because the Company Men are owed overtime for hours worked in excess of 40 in a week at the rate of one-and-one-half times their regular rates.

4.      James Fay (Fay) brings this action to recover the unpaid overtime and other damages owed to Aethon's Company Men.

#### JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute.  29 U.S.C. § 216(b).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1332(c) because Aethon was incorporated in this District.

#### PARTIES

7.      Fay started working for Aethon as a Company Man in March 2018.

8.      Throughout his employment, Aethon paid Fay a flat daily rate for all the hours he worked including those in excess of 40 in a workweek ("day rate pay plan").

9.      Fay's consent to be a party plaintiff is attached as Exhibit 1.

10.     Fay brings a FLSA collective action on behalf of himself and all other Company Men who were paid according to Aethon's day rate pay plan.

11.     The FLSA class of employees Fay seeks to represent consists of:

> **All Company Men working for Aethon in the past 3 years as Independent Contracts who are paid a day rate.**

12.     Aethon is a Delaware limited liability corporation and maintains its headquarters in Dallas, Texas.

13.     Aethon is an oil & gas management company.

14.     Aethon may be served with process through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## FLSA COVERAGE

15.     For at least the past 3 years, Aethon has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

16.     For at least the past 3 years, Aethon has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

17.     For at least the past 3 years, Aethon has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

18.     Aethon has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smartphones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

19.     Further, Aethon's annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

20.     For at least the past 3 years, Fay and the Company Men were engaged in commerce or in the production of goods for commerce.

21.     Aethon treated all their Company Men (including Fay) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

### FACTS

22.     Aethon is an oil & gas management company headquartered in Dallas, Texas.

23.     Fay and the Company Men handle day to day activities at the site locations.

24.     On a day-to-day basis Fay and the Company Men reported to and took their working orders from Aethon.

25.     Aethon's Company Men, including Fay, typically work more than 40 hours a week.

26.     Indeed, Aethon's Company Men often worked at least 12-hour shifts for 6 to 7 days per week.

27.     Aethon paid all their Company Men pursuant to their day rate pay plan with no additional compensation for overtime hours regardless of the number of hours worked that workweek.

28.     In March of 2018, Fay began working for Aethon as a Company Man in Shreveport, Louisiana.

29.     As a Company Man, Fay was responsible for supervising his well site location and reporting job duties.

30.     Aethon's records reflect the hours Fay worked each workweek and pay period.

31.     Aethon paid Fay a flat daily rate for each day he worked.

- 3 -

32.     Aethon also gave Fay a daily per diem but didn't pay him for drive time between work locations.

33.     Aethon has yet to provide Fay with a W2 or 1099 form.

34.     Fay and the Company Men work in accordance with the schedule set by Aethon.

35.     Aethon controls Fay and the Company Men's pay.

36.     Likewise, Aethon controls Fay and the Company Men's work.

37.     Aethon requires Fay and the Company Men to follow its policies and procedures.

38.     Fay and the Company Men's work must adhere to the quality standards put in place by Aethon.

39.     Fay and the Company Men are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

40.     Fay and the Company Men were responsible for ensuring their work was completed according to established guidelines, specifications, and restrictions.

41.     All Aethon's Company Men perform duties like those Fay performed.

42.     The Company Men worked similar hours and are denied overtime because of the same illegal day rate pay plan.

43.     All Aethon's Company Men regularly worked in excess of 40 hours in a workweek.

44.     Instead of paying Company Men overtime, Aethon paid them only their flat daily rate for all their working hours including those in excess of 40 in a workweek.

45.     As a result, Aethon failed to pay the Company Men proper overtime compensation for hours worked in excess of 40 in a workweek.

## COUNT I
## FLSA VIOLATIONS

46.     Aethon's day rate pay plan violates the FLSA because Fay and the Company Men did not receive overtime pay for hours worked over 40 in a week.

47.     Aethon knew or showed reckless disregard for whether its day rate pay plan violated the FLSA.

48.     Aethon's failure to pay overtime compensation to the Company Men was not based on any reasonable interpretation of the law.

49.     Nor was Aethon's decision not to pay overtime made in good faith.

50.     Accordingly, Fay and all those who are similarly situated are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

51.     Numerous employees have been denied overtime by Aethon's day rate pay plan.

52.     From his observations and experience working for Aethon, Fay is aware that Aethon's illegal practices or policies have been imposed on the Company Men.

53.     The Company Men all regularly worked in excess of 40 hours per week and received only their flat daily rates for all hours worked.

54.     These employees are similarly situated to Fay in terms of *relevant* job duties, pay provisions, and employment practices.

55.     Aethon's failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Company Men.

56.     Thus, Fay's experiences are typical of the experiences of the Company Men.

57.     The specific job titles or precise job locations of the various Company Men do not prevent collective treatment.

58.     All Company Men, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

### JURY DEMAND

59.     Fay demands a trial by jury.

### RELIEF SOUGHT

60.     Wherefore, Fay prays for:

(a)     an order allowing Jame's FLSA claims to proceed as a collective action and directing notice to the other Company Men;

(b)     judgment finding Aethon to be Fay and the Company Men's employer;

(c)     judgment finding Aethon in violation of the FLSA;

(d)     judgment finding Aethon liable to Fay and the Company Men for unpaid overtime, and an equal amount of liquidated damages;

(e)     judgment awarding Fay and the Company Men's reasonable attorney's fees and costs of this action;

(f)     judgment awarding Fay and Company Men pre- and post-judgment interest at the highest rates allowed by law; and

(g)     such other and further relief as may be necessary and appropriate.

Dated: July 21, 2022                                Respectfully submitted,

Of Counsel:                                         **FARNAN LLP**

**Michael A. Josephson***                           _/s/ Michael J. Farnan_
Texas Bar No. 24014780                              **Sue L. Robinson** (Bar No. 100658)
**Andrew W. Dunlap***                               **Brian E. Farnan** (Bar No. 4089)
Texas Bar No. 24078444                              **Michael J. Farnan** (Bar No. 5165)
**Taylor S. Montgomery***                           919 North Market St., 12th Floor
Texas Bar No. 24106326                              Wilmington, DE 19801
**JOSEPHSON DUNLAP LLP**                            302-777-0300 – Telephone
11 Greenway Plaza, Suite 3050                       302-777-0301 – Facsimile
Houston, Texas 77046                                srobinson@farnanlaw.com
713-352-1100 – Telephone                            bfarnan@farnanlaw.com
713-352-3300 – Facsimile                            mfarnan@farnanlaw.com
mjosephson@mybackwages.com
adunlap@mybackwages.com

tmontgomery@mybackwages.com
*(pro hac vice application forthcoming)*

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*(pro hac vice application forthcoming)*

**ATTORNEYS IN CHARGE FOR PLAINTIFF**